FILED
April 30, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002600937

James L. Keenan, State Bar No. 173541
Law Office of James L. Keenan
660 J Street, Suite 380
Sacramento, California 95814
Phone: (916) 448-6923
Fax: (916) 442-6524

Attorney for Debtor(s)

## IN THE UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| IN RE:<br><br>MARK & KELI MORRIS<br><br><br><br><br>Debtor(s). | CASE NO. 08-30207-B-7<br>DC No.: JLK-002<br><br>**MOTION FOR ORDER COMPELLING TRUSTEE TO ABANDON DEBTOR'S BUSINESS AS AN ESTATE ASSET**<br>**[11 U.S.C. §§ 554(b), 721]**<br><br>DATE:  June 8, 2010<br>TIME:  9:32 a.m.<br>DEPT.: B (Courtroom 32)<br>JUDGE: Hon. Thomas C. Holman |

Debtors Mark Morris and Kelli Morris, by and through their attorney of record James L. Keenan, do hereby bring this Motion to Compel Trustee to Abandon Debtor's Business as an Estate Asset ("Motion") pursuant 11 U.S.C. §§ 554(b) and 721of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 6007(b).

Debtors request that the Court enter an order compelling the Chapter 7 Trustee to abandon the Debtor's business as an asset of the estate on the following grounds: Debtor's business does not possess or own any assets that might be liquidated for value to benefit creditors and is, therefore, of inconsequential benefit of the estate; and the retention and operation of the business by the Trustee would be burdensome and costly to the estate and the

1

creditors thereof.

Debtors filed this case as a Chapter 13 on July 25, 2008. Debtors then converted their case to Chapter 7 on February 12, 2010.

Debtor owned and operated solely a business called 4 All Seasons Landscaping ("Business"). The nature of the business is residential landscaping. Although not as much as when the case was filed, Debtor still operates the business. The business is, and at all times has been, a sole proprietorship.

The business has no assets able to be liquidated, owns no real estate and is worth only what labor Debtor devotes toward the business. Its resale value is worthless. At best, the business generates less than $1,500.00 per month.

Were the trustee to retain and operate the business would cost and burden the estate more than if she abandoned it. The business simply does not generate enough income. Had the business been able to earn enough to warrant the trustee taking it over, the case would not needed to have been converted from Chapter 13.

This motion shall be based the pleadings and papers on file in this bankruptcy case, debtor's declaration in support of this motion and exhibits, if any, field herewith, and by such oral and documentary evidence as the Court may permit upon hearing of this motion.

WHEREFORE, Debtors request respectfully that this Court issue an Order Compelling Trustee to Abandon Debtor's Business as an Estate Asset.

Dated: April 30, 2010          Respectfully submitted,

/s/ James L. Keenan
James L. Keenan, Attorney for Debtors